ARTHUR S. BEEMAN (CA Bar No. 237996)
*(Admitted Pro Hac Vice)*
SARAH S. ESKANDARI (CA Bar No. 271541)
*(Admitted Pro Hac Vice)*
SNR DENTON US LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
E-mail: arthur.beeman@snrdenton.com
Email: sarah.eskandari@snrdenton.com

TAREK N. FAHMI (CA Bar No. 166225)
*(Admitted Pro Hac Vice)*
SNR DENTON US LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304-1125
Telephone: (650) 798-0300
Facsimile: (650) 798-0310
Email: tarek.fahmi@snrdenton.com

James E. Whitmire, III
SANTORO, DRIGGS, WALCH, KEARNEY,
JOHNSTON & THOMPSON
400 South Fourth Street, 3rd Floor
Las Vegas, Nevada 89101
Tel:    (702) 791-0308
Fax:    (702) 791-1912
Email: jwhitmire@nevadafirm.com

Attorneys for DEFENDANT
TRANSERA COMMUNICATIONS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ALTO VENTURES, INC. <br><br> Plaintiff, <br><br> v. <br><br> FIVE9, INC.; TELETECH HOLDINGS, INC.; TRANSERA COMMUNICATIONS, INC.; WEST CORP.; and WSOL, INC. (d/b/a WORKING SOLUTIONS), <br><br> Defendants. | Case No. 2:11-cv-01056-PMP (CWH) <br><br> **DEFENDANT TRANSERA COMMUNICATIONS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS** <br><br> **DEMAND FOR JURY TRIAL** |

# ANSWER

Defendant and counterclaimant Transera Communications, Inc. ("Transera") by and through the undersigned counsel, hereby sets forth as follows its Answer and Counterclaims to the First Amended Complaint for Patent Infringement [Dkt. No. 41] ("Amended Complaint") filed by Plaintiff Alto Ventures, Inc. ("Alto Ventures") against Five9, Inc. ("Five9"), Teletech Holdings, Inc. ("Teletech"), Transera, West Corporation ("West") and WSOL, Inc. (d/b/a Working Solutions) ("Working Solutions"), (collectively, "Defendants") as follows:

## THE PARTIES

1. Transera lacks sufficient knowledge and information to admit or deny the allegations contained in Paragraph 1 of the Amended Complaint and on that basis denies each and every allegation in Paragraph 1.

2. Paragraph 2 of the Amended Complaint does not contain any allegations relating to Transera and therefore requires no response from Transera. To the extent that an answer to this paragraph is required, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations and legal conclusions set forth in Paragraph 2 and on that basis denies the same.

3. Paragraph 3 of the Amended Complaint does not contain any allegations relating to Transera and therefore requires no response from Transera. To the extent that an answer to this paragraph is required, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations and legal conclusions set forth in Paragraph 3 and on that basis denies the same.

4. Paragraph 4 of the Amended Complaint does not contain any allegations relating to Transera and therefore requires no response from Transera. To the extent that an answer to this paragraph is required, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations and legal conclusions set forth in Paragraph 4 and on that basis denies the same.

5. Transera admits that it is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1195 W. Fremont Avenue, Suite 101, Sunnyvale, CA 94087 and that its registered agent is Incorporating Services, Ltd., 3500 South Dupont Highway, Dover, DE 19901. Transera denies the remaining allegations of Paragraph 5 of the Amended Complaint.

6. Paragraph 6 of the Amended Complaint does not contain any allegations relating to

**DEFENDANT TRANSERA COMMUNICATIONS, INC.'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS**        **CASE NO. 2:11-cv-01056-PMP (CWH)**

2

Transera and therefore requires no response from Transera. To the extent that an answer to this paragraph is required, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations and legal conclusions set forth in Paragraph 6 and on that basis denies the same.

7. Paragraph 7 of the Amended Complaint does not contain any allegations relating to Transera and therefore requires no response from Transera. To the extent that an answer to this paragraph is required, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations and legal conclusions set forth in Paragraph 7 and on that basis denies the same.

## JURISDICTION AND VENUE

8. Transera admits that Alto Ventures alleges acts of patent infringement under Title 35, United States Code, and in particular, 35 U.S.C. §§ 271, *et seq.*

9. The allegations of Paragraph 9 constitute conclusions of law to which no response is required. To the extent a response is required, Transera admits this Court has subject matter jurisdiction over actions arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and, in particular, 35 U.S.C. § 271, pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. In response to Paragraph 10 and solely for purposes of this case, Transera does not contest that it is subject to personal jurisdiction in this judicial district and division. Transera admits that it does business within the State of Nevada, but otherwise denies each and every remaining allegation and/or legal conclusion contained in Paragraph 10. Transera specifically denies any allegation of any wrongdoing or infringement of the patent identified in the Amended Complaint in this judicial district or elsewhere. Transera denies that Alto Ventures is entitled to the relief sought from the alleged infringement of Alto Ventures' patent rights under United States Patent No. 7,418,092 B2 (the "092 patent").

11. Transera admits that venue is proper in this district under 28 U.S.C. §§ 1391, but denies that venue is convenient in this district and is without sufficient information to admit or deny whether venue is proper under 29 U.S.C. § 1400(b).

## BACKGROUND

12. Paragraph 12 of the Amended Complaint does not contain any allegations relating to Transera and therefore requires no response from Transera. To the extent that an answer to this paragraph

is required, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations and legal conclusions set forth in Paragraph 12 and on that basis denies the same.

13. Paragraph 13 of the Amended Complaint does not contain any allegations relating to Transera and therefore requires no response from Transera. To the extent that an answer to this paragraph is required, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 13 and on that basis denies the same.

14. Paragraph 14 of the Amended Complaint does not contain any allegations relating to Transera and therefore requires no response from Transera. To the extent that an answer to this paragraph is required, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 14 and on that basis denies the same.

15. Paragraph 15 of the Amended Complaint does not contain any allegations relating to Transera and therefore requires no response from Transera. To the extent that an answer to this paragraph is required, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 15 and on that basis denies the same.

16. Paragraph 16 of the Amended Complaint does not contain any allegations relating to Transera and therefore requires no response from Transera. To the extent that an answer to this paragraph is required, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 16 and on that basis denies the same.

17. Paragraph 17 of the Amended Complaint does not contain any allegations relating to Transera and therefore requires no response from Transera. To the extent that an answer to this paragraph is required, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 17 and on that basis denies the same.

18. Paragraph 18 of the Amended Complaint does not contain any allegations relating to Transera and therefore requires no response from Transera. To the extent that an answer to this paragraph is required, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations set forth in Paragraph 18 and on that basis denies the same.

19. Paragraph 19 of the Amended Complaint does not contain any allegations relating to Transera and therefore requires no response from Transera. To the extent that an answer to this paragraph

is required, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations and legal conclusions set forth in Paragraph 19 and on that basis denies the same.

### COUNT ONE: INFRINGEMENT OF U.S. PATENT NO. 7,418,092 B2

20. Transera incorporates by reference their responses to the allegations of all preceding Paragraphs as if fully set forth herein.

21. Transera admits that what purports to be a copy of United States Patent No. 7,418,092 B2 ("the '092 patent") is attached to the Amended Complaint as Exhibit A.  Transera further admits that the face of what appears to be the '092 patent indicates that its title is "Virtual Call Center," and that the "Date of Patent" is August 26, 2008.  Transera lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations and legal conclusions set forth in Paragraph 21 and on that basis denies the same.

22. Paragraph 22 of the Amended Complaint does not contain any allegations relating to Transera and therefore requires no response from Transera. To the extent that an answer to this paragraph is required, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations and legal conclusions set forth in Paragraph 22 and on that basis denies the same.

23. Paragraph 23 of the Amended Complaint does not contain any allegations relating to Transera and therefore requires no response from Transera. To the extent that an answer to this paragraph is required, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations and legal conclusions set forth in Paragraph 23 and on that basis denies the same.

24. Paragraph 24 of the Amended Complaint does not contain any allegations relating to Transera and therefore requires no response from Transera. To the extent that an answer to this paragraph is required, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations and legal conclusions set forth in Paragraph 24 and on that basis denies the same.

25. Transera denies each and every allegation and/or legal conclusion in Paragraph 25 of the Amended Complaint and specifically denies any wrongdoing or infringement. Transera lacks sufficient knowledge to admit or deny the remaining allegations and/or legal conclusions contained in Paragraph 25 of the Complaint and on that basis denies them.

26. Paragraph 26 of the Amended Complaint does not contain any allegations relating to

Transera and therefore requires no response from Transera. To the extent that an answer to this paragraph is required, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations and legal conclusions set forth in Paragraph 26 and on that basis denies the same.

27. Paragraph 27 of the Amended Complaint does not contain any allegations relating to Transera and therefore requires no response from Transera. To the extent that an answer to this paragraph is required, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations and legal conclusions set forth in Paragraph 27 and on that basis denies the same.

28. Transera admits that the filing of this action constitutes notice of United States Patent No. 7,418,092. Transera denies each and every remaining allegation of Paragraph 28.

29. Transera denies each and every allegation contained in Paragraph 29 to the extent that such allegations are directed to or refer to Transera. Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations and legal conclusions set forth in Paragraph 29 as they pertain to defendants other than Transera and on that basis denies the same.

30. The allegations of Paragraph 30 constitute conclusions of law to which no response is required. To the extent that an answer to this paragraph is required, Transera denies each and every allegation contained in Paragraph 30 to the extent that such allegations are directed to or refer to Transera. Further, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations and legal conclusions set forth in Paragraph 30 as they pertain to defendants other than Transera and on that basis denies the same.

31. The allegations of Paragraph 31 constitute conclusions of law to which no response is required. To the extent that an answer to this paragraph is required, Transera denies each and every allegation contained in Paragraph 31 to the extent that such allegations are directed to or refer to Transera. Further, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations and legal conclusions set forth in Paragraph 31 as they pertain to defendants other than Transera and on that basis denies the same.

32. The allegations of Paragraph 32 constitute conclusions of law to which no response is required. To the extent that an answer to this paragraph is required, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations and legal conclusions set forth in

**DEFENDANT TRANSERA COMMUNICATIONS, INC.'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS**   CASE NO. 2:11-cv-01056-PMP (CWH)

6

Paragraph 32 and on that basis denies the same.

33. The allegations of Paragraph 33 constitute conclusions of law to which no response is required. To the extent that an answer to this paragraph is required, Transera denies each and every allegation contained in Paragraph 33 to the extent that such allegations are directed to or refer to Transera. Further, Transera lacks sufficient knowledge and information to form a belief as to the truth of the allegations and legal conclusions set forth in Paragraph 33 as they pertain to defendants other than Transera and on that basis denies the same.

## PRAYER FOR RELIEF

Transera denies that Alto Ventures is entitled to the relief sought by its Prayer for Relief as set forth on pages 9 through 10, paragraphs (A) through (E) of the Amended Complaint.

## AFFIRMATIVE DEFENSES

Transera alleges and asserts the following affirmative defenses in response to the allegations in Alto Ventures' Amended Complaint:

### FIRST AFFIRMATIVE DEFENSE:
### (Non-Infringement of the '092 Patent)

Plaintiff is not entitled to any relief against Transera because Transera has not directly, indirectly, contributorily, or by inducement infringed any valid and enforceable claim of the '092 patent either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE:
### (Invalidity of the '092 Patent)

One or more claims of the '092 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103 and 112.

### THIRD AFFIRMATIVE DEFENSE:
### (Statutory Damages Limitation)

To the extent Plaintiff seeks damages for any alleged infringement prior to its giving actual notice of the '092 patent to Transera, its claims are barred pursuant to at least 35 U.S.C. §§ 286 - 88.

### FOURTH AFFIRMATIVE DEFENSE:

### (Other Affirmative Defenses Based on Later Discovered Evidence)

Transera expressly reserves all affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and investigation in this case.

### FIFTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

Alto Ventures' claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent application resulting in the '092 patent.

### SIXTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Alto Ventures' claims are barred, in whole or in part, by the equitable doctrines of laches, unclean hands, estoppel, waiver, acquiescence and/or the applicable limitations of actions

### COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant Transera Communications ("Transera") for its Counterclaims against Plaintiff Alto Ventures, Inc. ("Alto Ventures") hereby alleges as follows:

### PARTIES

1. Counterclaim-Plaintiff Transera is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1195 W. Fremont Avenue, Suite 101, Sunnyvale, CA 94087 and that its registered agent is Incorporating Services, Ltd., 3500 South Dupont Highway, Dover, DE 19901.

2. In Paragraph 1 of the Amended Complaint, Counterclaim-Defendant Alto Ventures alleges it is a corporation organized and existing under the laws of Nevada having a principal place of business at: 2505 Anthem Village, Suite E587, Henderson, NV 89052.

### JURISDICTION AND VENUE

3. These Counterclaims arise under federal law, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. §§ 101, *et seq*.

4. This Court has personal jurisdiction over Counterclaim-Defendant Alto Ventures because it has consented to jurisdiction in the state of Nevada by bringing the present action.

5. Venue is proper in this judicial district for this counterclaim pursuant to 28 U.S.C. §§ 1391 and 1400(b) and by virtue of Counterclaim-Defendant Alto Ventures' admission in the Amended Complaint that venue is proper in this district.

6. Counterclaim-Defendant Alto Ventures claims to be the owner of United States Patent No. 7,418,092 B2 (the "092 patent").

**COUNT I: Declaratory Judgment of Non-Infringement of the '092 Patent**

7. Counterclaim-Plaintiff incorporates the allegations in paragraphs 1 through 33 of the answer and affirmative defenses herein and paragraphs 1 through 6 of the counterclaims as if fully set forth herein.

8. An actual and justiciable controversy exists between Counterclaim-Plaintiff and Counterclaim-Defendant with respect to the non-infringement of the '092 patent because Counterclaim Defendant has brought this action against Counterclaim-Plaintiff alleging that they have infringed one or more claims of the '092 patent, and Counterclaim-Plaintiff denies this allegation. Absent a declaration of non-infringement, Counterclaim-Defendant will continue to wrongfully assert the '092 patent against Counterclaim-Plaintiff, and thereby cause Counterclaim-Plaintiff irreparable injury and damage.

9. Counterclaim-Plaintiff Transera has not infringed and does not infringe, (either directly, jointly, contributorily, by inducement, or under the doctrine of equivalents) any valid and enforceable claim of the '092 patent and is entitled to a declaratory judgment to that effect pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq.

**COUNT II: Declaratory Judgment of Invalidity of the '092 Patent**

10. Counterclaim-Plaintiff incorporates the allegations in paragraphs 1 through 33 of the answer and affirmative defenses herein and paragraphs 1 through 9 of the counterclaims as if fully set forth herein.

11. An actual and justiciable controversy exists between Counterclaim-Plaintiff and Counterclaim-Defendant with respect to the invalidity of the '092 patent because Counterclaim-Defendant has brought this action against Counterclaim-Plaintiff alleging that they have infringed one or more claims of the '092 patent, and Counterclaim-Plaintiff denies this allegation. Absent a declaration of invalidity, Counterclaim-Defendant will continue to wrongfully assert the '092 patent against Counterclaim-Plaintiff, and thereby cause Counterclaim-Plaintiff irreparable injury and damage.

12. The '092 patent is invalid under the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and Counterclaim-Plaintiff is entitled to a declaratory judgment to that effect pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq.

## EXCEPTIONAL CASE

13. On information and belief, this is an exceptional case entitling Transera to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Alto Ventures' assertion of the '092 patent against Transera with the knowledge that Transera does not infringe any valid or enforceable claim of the '092 patent and/or the '092 patent is invalid and/or unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Transera respectfully requests the Court grant the following relief:

A. A judgment dismissing with prejudice Plaintiff Alto Ventures' Amended Complaint and the purported causes of action asserted therein against Defendant Transera in its entirety;

B. A judgment in favor of Counterclaim-Plaintiff Transera and against Counterclaim-Defendant Alto Ventures, denying Counterclaim-Defendant Alto Ventures all relief requested in this action;

C. A judgment declaring that each claim of the '092 patent is invalid;

D. A judgment declaring that Counterclaim-Plaintiff has not infringed and is not infringing any valid and/or enforceable claim of the '092 patent, and that Counterclaim-Plaintiff has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '092 patent;

E.  A judgment declaring that Counterclaim-Plaintiff has not willfully infringed and is not willfully infringing any valid and/or enforceable claim of the '092 patent;

F.  A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Counterclaim-Plaintiff its costs (including expert fees), expenses, and reasonable attorneys' fees; and

G.  Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), Counterclaim-Plaintiff demands a trial by jury on all issues so triable.

Dated:  December 6, 2011                                             Respectfully submitted,


                    /s/ Arthur S. Beeman
ARTHUR S. BEEMAN, ESQ. (CA Bar No. 237996)
*(Admitted Pro Hac Vice)*
SARAH S. ESKANDARI (CA Bar No. 271541)
*(Admitted Pro Hac Vice)*
SNR DENTON US LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
E-mail: arthur.beeman@snrdenton.com
Email: sarah.eskandari@snrdenton.com

TAREK N. FAHMI (CA Bar No. 166225)
*(Admitted Pro Hac Vice)*
SNR DENTON US LLP
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304-1125
Telephone: (650) 798-0300
Facsimile: (650) 798-0310
Email: tarek.fahmi@snrdenton.com

James E. Whitmire, III
SANTORO, DRIGGS, WALCH, KEARNEY,
 JOHNSTON & THOMPSON
400 South Fourth Street, 3rd Floor
Las Vegas, Nevada 89101
Tel:    (702) 791-0308
Fax:    (702) 791-1912
Email: jwhitmire@nevadafirm.com

Attorneys for TRANSERA COMMUNICATIONS, INC.