Greg L. Lippetz (Admitted Pro Hac Vice)
glippetz@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900

Andrew P. Gordon (SBN 3421)
agordon@mcdonaldcarano.com
MCDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, NV 89102
Telephone: (702) 873-4100
Facsimile: (702) 873-9966

Attorneys for Defendant
FIVE9, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALTO VENTURES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CONVERGYS CORP.; FIVE9, INC. TELETECH HOLDINGS, INC.; TRANSERA COMMUNICATIONS, INC.; WEST CORP.; and WSOL, INC. (d/b/a WORKING SOLUTIONS,<br><br>Defendant. | Case No. 2:11-cv-01056-PMP-CWH<br><br>**DEFENDANT FIVE9, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT; COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

Five9, Inc. ("Five9") answers and responds to Alto Ventures, Inc.'s ("Alto Ventures") First Amended Complaint as follows:

**ANSWER**

1. Five9 is without sufficient knowledge to either admit or deny the allegations of paragraph 1, and therefore denies them.

2. Five9 is without sufficient knowledge to either admit or deny the allegations of paragraph 2, and therefore denies them.

3. Five9 admits that it is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 7901 Stoneridge Drive, Suite 200, Pleasanton, CA 94588. Five9 also admits that it provides cloud-based (or "virtual") call center software for sales, marketing, and support for customers that reside in and/or outside the United States. Five9 further admits that it may be served with process by serving its registered agent, Incorporating Services, Ltd., 3500 South Dupont Highway, Dover, DE 19901. Five9 denies the remaining allegations of paragraph 3.

4. Five9 is without sufficient knowledge to either admit or deny the allegations of paragraph 4, and therefore denies them.

5. Five9 is without sufficient knowledge to either admit or deny the allegations of paragraph 5, and therefore denies them.

6. Five9 is without sufficient knowledge to either admit or deny the allegations of paragraph 6, and therefore denies them.

7. Five9 is without sufficient knowledge to either admit or deny the allegations of paragraph 7, and therefore denies them.

8. Five9 admits that this purports to be an action for patent infringement. Five9 denies the remaining allegations of paragraph 8.

9. Five9 admits the allegations of paragraph 9.

10. Five9 admits that it has conducted and does conduct business within the State of Nevada. Five9 denies the remaining allegations of paragraph 10 directed to Five9. Five9 is without sufficient knowledge to either admit or deny the remaining allegations of paragraph 10,

and therefore denies them.

11. Five9 admits that venue is proper in the District of Nevada. However, Five9 denies that venue in the District of Nevada is the most convenient forum for this action.

12. Five9 is without sufficient knowledge to either admit or deny the allegations of paragraph 12, and therefore denies them.

13. Five9 is without sufficient knowledge to either admit or deny the allegations of paragraph 13, and therefore denies them.

14. Five9 is without sufficient knowledge to either admit or deny the allegations of paragraph 14, and therefore denies them.

15. Five9 is without sufficient knowledge to either admit or deny the allegations of paragraph 15, and therefore denies them.

16. Five9 is without sufficient knowledge to either admit or deny the allegations of paragraph 16, and therefore denies them.

17. Five9 is without sufficient knowledge to either admit or deny the allegations of paragraph 17, and therefore denies them.

18. Five9 is without sufficient knowledge to either admit or deny the allegations of paragraph 18, and therefore denies them.

19. Five9 is without sufficient knowledge to either admit or deny the allegations of paragraph 19, and therefore denies them.

20. Five9 refers to and incorporates by reference its answers to paragraphs 1 through 19 as its answer to paragraph 20.

21. Five9 admits that a purported copy of United States Patent No. 7,418,092 ("'092 Patent") is attached as Exhibit A to the First Amended Complaint. Five9 also admits that the '092 Patent issued on August 26, 2008 and is titled "Virtual Call Center." Five9 is without sufficient knowledge to either admit or deny the remaining allegations of paragraph 21, and therefore denies them.

22. Five9 is without sufficient knowledge to either admit or deny the allegations of paragraph 22, and therefore denies them.

23. Five9 admits that it provides cloud-based (or "virtual") call center software for sales, marketing, and support for customers that reside in and/or outside the United States. Five9 denies the remaining allegations of paragraph 23.

24. Five9 is without sufficient knowledge to either admit or deny the allegations of paragraph 24, and therefore denies them.

25. Five9 is without sufficient knowledge to either admit or deny the allegations of paragraph 25, and therefore denies them.

26. Five9 is without sufficient knowledge to either admit or deny the allegations of paragraph 26, and therefore denies them.

27. Five9 is without sufficient knowledge to either admit or deny the allegations of paragraph 27, and therefore denies them.

28. Five9 denies the allegations of paragraph 28 directed to Five9. Five9 is without sufficient knowledge to either admit or deny the remaining allegations of paragraph 28, and therefore denies them.

29. Five9 denies the allegations of paragraph 29 directed to Five9. Five9 is without sufficient knowledge to either admit or deny the remaining allegations of paragraph 29, and therefore denies them.

30. Five9 denies the allegations of paragraph 30 directed to Five9. Five9 is without sufficient knowledge to either admit or deny the remaining allegations of paragraph 30, and therefore denies them.

31. Five9 denies the allegations of paragraph 31 directed to Five9. Five9 is without sufficient knowledge to either admit or deny the remaining allegations of paragraph 31, and therefore denies them.

32. Five9 is without sufficient knowledge to either admit or deny the allegations of paragraph 32, and therefore denies them.

33. Five9 denies the allegations of paragraph 33 directed to Five9. Five9 is without sufficient knowledge to either admit or deny the remaining allegations of paragraph 33, and therefore denies them.

## AFFIRMATIVE DEFENSES

As and for affirmative defenses to the claims in the First Amended Complaint, and based on the knowledge and information available to it to date, Five9 is informed and believes and based thereon alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1. The First Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Five9 does not infringe, and has not infringed, directly, indirectly, contributorily, and/or by inducement, any valid claim of the ’092 Patent.

### THIRD AFFIRMATIVE DEFENSE

3. One or more of the claims of ’092 Patent are invalid for failing to comply with one or more of the requirements of the patent laws of the United States as set forth in Title 35 of the United States Code, including but not limited to, §§ 101, 102, 103 and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

4. Alto Ventures’ claims are barred, in whole or in part, by laches.

### FIFTH AFFIRMATIVE DEFENSE

5. Alto Ventures’ claims are barred, in whole or in part, by the doctrines of equitable estoppel and/or prosecution history estoppel.

### SIXTH AFFIRMATIVE DEFENSE

6. Alto Ventures’ claims for damages are barred, in whole or in part, under 35 U.S.C. § 286 (six year time limitation on damages).

### SEVENTH AFFIRMATIVE DEFENSE

7. Upon information and belief, Alto Ventures lacks standing because Alto Ventures does not own all substantial rights in the ’092 Patent.

Five9 reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case.

## COUNTERCLAIMS

Counterclaim-Plaintiff, Five9, Inc. ("Five9"), complains and alleges against Counterclaim-Defendant, Alto Ventures, Inc. ("Alto Ventures"), as follows:

**PARTIES**

1. Five9 is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 7901 Stoneridge Drive, Suite 200, Pleasanton, CA 94588.

2. On information and belief, Alto Ventures is a corporation organized under the laws of the State of Nevada and has a principal place of business at 2505 Anthem Village, Suite E587, Henderson, NV 89052.

**JURISDICTION AND VENUE**

3. Five9 seeks a declaration of non-infringement and invalidity with respect to United States Patent No. 7,418,092 ("'092 Patent") pursuant to 28 U.S.C. §§ 2201, *et. seq.* and the patent statute, 35 U.S.C. § 101, *et seq.*

4. This Court has subject matter jurisdiction over Five9's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. This Court has personal jurisdiction over Alto Ventures, *inter alia*, because Alto Ventures is domiciled in the State of Nevada and has submitted to personal jurisdiction herein by filing its complaint in this Court.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

**COUNT 1**

**(Declaratory Judgment of Non-Infringement of the '092 Patent)**

7. Five9 repeats and re-alleges each allegation set forth in paragraphs 1 through 6 of its counterclaims as if fully set forth herein.

8. Five9 seeks a declaratory judgment that it does not infringe, and has not infringed, any valid claim of the '092 Patent.

9. A substantial and continuing controversy exists between Five9 and Alto Ventures with regard to the alleged infringement of the '092 Patent.

10. Five9 does not infringe, and has not infringed, directly, indirectly, contributorily, and/or by inducement, any valid claim of the '092 Patent, and no product manufactured, used, sold, or offered for sale by Five9 infringes, or has infringed, any valid claim of the '092 Patent, either directly or indirectly, literally, or under the doctrine of equivalents.

**COUNT 2**

**(Declaratory Judgment of Invalidity of the '092 Patent)**

11. Five9 repeats and re-alleges each allegation set forth in paragraphs 1 through 10 of its counterclaims as if set forth in full herein.

12. Five9 seeks a declaratory judgment that the '092 Patent is invalid.

13. A substantial and continuing controversy exists between Five9 and Alto Ventures with regard to the validity of the '092 Patent.

14. The '092 Patent is invalid for failure to meet one or more of the statutory requirements for patentability established by the United States Patent Statute, 35 U.S.C, § 101, *et. seq.*, including one or more provisions of §§ 101, 102, 103 and/or 112.

**EXCEPTIONAL CASE**

15. On information and belief, this is an exceptional case entitling Five9 to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Alto Ventures' assertion of the '092 Patent against Five9 with the knowledge that Five9 does not infringe any valid or enforceable claim of the '092 Patent and/or the '092 Patent is invalid and/or unenforceable.

**PRAYER FOR RELIEF**

WHEREFORE, Five9 respectfully prays for judgment against Alto Ventures as follows:

A. That Five9 has not infringed any claim of the '092 Patent, directly or indirectly, literally, or under the doctrine of equivalents;

B. That the claims of the '092 Patent are invalid;

C. That all relief requested by Alto Ventures should be denied;

D. That all of Alto Ventures' claims should be dismissed with prejudice;

E. That judgment should be entered against Alto Ventures and in favor of Five9 in all

respects;

F. That this is an exceptional case under 35 U.S.C. § 285 and awarding Five9 its costs (including expert fees), expenses, and reasonable attorneys' fees incurred in this action; and

G. That Five9 be awarded such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Five9 hereby demands a trial by jury on all issues so triable.

Dated: December 6, 2011

JONES DAY

By: /s/ Greg L. Lippetz
Greg L. Lippetz

Counsel for Defendant
FIVE9, INC.

**CERTIFICATE OF SERVICE**

I certify that on December 6, 2011, the foregoing document was filed with the Clerk of Court using the CM/ECF system, causing it to be served on all counsel of record.

Dated: December 6, 2011

JONES DAY

By: /s/ Greg L. Lippetz
Greg L. Lippetz

Counsel for Defendant
FIVE9, INC.

SVI-100490