Leslie Bryan Hart, Esq. (SBN 4932)
LIONEL SAWYER & COLLINS
50 West Liberty Street, Suite 1100
Reno, NV  89501
Telephone:  775-788-8666
Facsimile:  775-788-8682
lhart@lionelsawyer.com

*(Admitted Pro Hac Vice)*
Daralyn J. Durie, Esq.
Joseph C. Gratz, Esq.
Genevieve P. Rosloff, Esq.
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:   415-362-6666
Facsimile:  415-236-6300
ddurie@durietangri.com
jgratz@durietangri.com
grosloff@durietangri.com

Attorneys for Defendant and Counter-Plaintiff
WEST CORP.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALTO VENTURES, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>FIVE9, INC., TELETECH HOLDINGS, INC., TRANSERA COMMUNICATIONS, INC., WEST CORP. and WORKING SOLUTIONS, INC.,<br><br>　　　　　　　Defendants. | Case No. 2:11-cv-1056-PMP-CWH<br><br>**WEST CORP.'S ANSWER AND COUNTERCLAIMS TO ALTO VENTURES, INC.'S FIRST AMENDED COMPLAINT**<br><br>Ctrm:　LV Courtroom 7C<br>Judge:　Honorable Philip M. Pro |
| WEST CORP.,<br><br>　　　　　　　Counter-Plaintiff,<br><br>　v.<br><br>ALTO VENTURES, INC.,<br><br>　　　　　　　Counter-Defendant. | |

Defendant West Corp. ("West") hereby replies to the allegations set forth in Plaintiff Alto Ventures, Inc.'s ("Alto") First Amended Complaint for Patent Infringement ("Complaint") as follows:

**PARTIES**

1. West admits, on information and belief, the allegations in Paragraph 1 of the Complaint.

2. West lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

3. West lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

4. West lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

5. West lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

6. West denies the allegations in Paragraph 6 of the Complaint insofar as they suggest that West is subject to personal jurisdiction in Nevada.  Otherwise, West admits the allegations in Paragraph 6 of the Complaint.

7. West lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

**JURISDICTION AND VENUE**

8. West admits that Alto purports to have brought this action under the patent laws of the United States, Title 35, United States Code, and more particularly, 35 U.S.C. §§ 271 *et seq*.

9. West admits the allegations in Paragraph 9 of the Complaint.

10. West denies the allegations made against it in this paragraph. West lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph made against the other defendants, and, on that basis, denies those allegations.

11. West denies the allegations in Paragraph 11 of the Complaint.

**BACKGROUND**

12. West lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

13. West lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

14. West lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

15. West lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

16. West lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

17. West lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

18. West lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

19. West lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

## COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 7,418,092

20. West refers to and incorporates all preceding paragraphs as though fully set forth herein.

21. West denies the allegations of the first sentence of this paragraph.  West lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, denies those allegations.

22. West lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

23. West lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

24. West lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

25. West lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

26. West denies the allegations of Paragraph 26 of the Complaint.

27.     West lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

28.     West denies the allegations in Paragraph 28 of the Complaint insofar as they are made against West. West lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, denies those allegations.

29.     West denies the allegations in Paragraph 29 of the Complaint insofar as they are made against West. West lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, denies those allegations.

30.     West denies the allegations in Paragraph 30 of the Complaint.

31.     West denies the allegations in Paragraph 31 of the Complaint.

32.     West lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies those allegations.

33.     West denies the allegations in Paragraph 33 of the Complaint.

**PRAYER FOR RELIEF**

West denies that Alto is entitled to any of the relief sought in the Complaint or any other relief.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

34.     Alto's claims are barred, in whole or in part, as Alto has failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(35 U.S.C. § 101)**

35.     West alleges on information and belief that one or more claims of the '092 Patent is invalid for failure to meet the conditions for patentability set forth in 35 U.S.C. § 101.

**THIRD AFFIRMATIVE DEFENSE**

**(35 U.S.C. § 102)**

36.     West alleges on information and belief that one or more claims of the '092 Patent is invalid for failure to meet the conditions for patentability set forth in 35 U.S.C. § 102.

## FOURTH AFFIRMATIVE DEFENSE

### (35 U.S.C. § 103)

37. West alleges on information and belief that one or more claims of '092 Patent is invalid for failure to meet the conditions for patentability set forth in 35 U.S.C. § 103.

## FIFTH AFFIRMATIVE DEFENSE

### (35 U.S.C. § 112)

38. West alleges on information and belief that one or more claims of the '092 Patent is invalid for failure to meet the conditions for patentability set forth in 35 U.S.C. § 112.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

39. West alleges that Alto's claim for infringement of the '092 patent is barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

40. West expressly reserves the right to assert and pursue additional defenses.

## COUNTERCLAIMS

For its Counterclaims against Plaintiff Alto Ventures, Inc. ("Alto"), Counter-Plaintiff West Corp. ("West") alleges as follows:

## PARTIES

41. West is a corporation organized under the laws of Delaware, with its principal place of business in Omaha, Nebraska.

42. Alto is a corporation organized under the laws of Nevada, with its principal place of business in Henderson, Nevada.

## JURISDICTION AND VENUE

43. This action arises under the patent laws of the United States of America, 35 U.S.C. §§ 1 *et seq*. and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*. Subject matter jurisdiction is proper pursuant to Title 35 of the United States Code, § 271 and Title 28 of the United States Code, §§ 1338(a), 2201(a) and 2202.

44. This Court has personal jurisdiction over Alto because, among other things, it has consented to jurisdiction by filing the instant case, and because, on information and belief, Alto's principal place of business is located in this District.

45. Venue is proper in this District pursuant to Title 28, United States Code, §§ 1391(b) and 1400(b).

## COUNT I

### (Declaratory Judgment of Non-Infringement of the '092 Patent)

46. West refers to and incorporates all preceding paragraphs as though fully set forth herein.

47. As a result of the charges of infringement against West, an actual controversy exists as to infringement of the '092 Patent.

48. West has not infringed, and is not now infringing, the '092 Patent, either literally or under the Doctrine of Equivalents.

49. West has not caused others to infringe, and is not now causing others to infringe the '092 Patent either willfully, recklessly, or otherwise.

## COUNT II

### (Declaratory Judgment of Invalidity of the '092 Patent)

50. West refers to and incorporates all preceding paragraphs as though fully set forth herein.

51. As a result of the charges of infringement against West, an actual controversy exists as to the validity of the '092 patent.

52. The '092 patent is invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code including but not limited to §§ 101, 102, 103, 111, 112, 115, and 116.

## RESERVATION OF COUNTERCLAIMS

53. West reserves the right to assert any other counterclaim(s) that discovery may reveal.

## PRAYER FOR RELIEF

WHEREFORE, West Corp. prays for the following relief:

A. That the Court enter judgment in favor of West and against Alto, and dismiss Alto's Complaint with prejudice, and that Alto recover nothing thereon;

1        B.	For an entry of judgment declaring '092 Patent not infringed by West, or by the use of West products or methods, whether literally or under the Doctrine of Equivalents, and for entry of judgment that West does not infringe directly or by contributing to the infringement of others or by inducing others to infringe;

         C.	For an entry of judgment declaring the '092 Patent and all claims in the '092 Patent invalid; and

         D.	For such other and further relief as the Court may deem just and fair.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, West demands a trial by jury of all issues so triable.

Dated: December 6, 2011                          LIONEL SAWYER & COLLINS


                                          By:  _____*/s/ Joseph C. Gratz*_____
                                              Leslie Bryan Hart, Esq. (SBN 4932)
                                              50 West Liberty Street, Suite 1100
                                              Reno, NV  89501
                                              Telephone:  775-788-8666
                                              Facsimile:  775-788-8682
                                              lhart@lionelsawyer.com

                                              *(Admitted Pro Hac Vice)*
                                              Daralyn J. Durie, Esq.
                                              Joseph C. Gratz, Esq.
                                              Genevieve P. Rosloff, Esq.
                                              DURIE TANGRI LLP
                                              217 Leidesdorff Street
                                              San Francisco, CA  94111
                                              Telephone:   415-362-6666
                                              Facsimile:  415-236-6300
                                              ddurie@durietangri.com
                                              jgratz@durietangri.com
                                              grosloff@durietangri.com

                                              Attorneys for Defendant and Counter-Plaintiff
                                              WEST CORP.

## CERTIFICATE OF SERVICE

I certify that all counsel of record is being served on December 6, 2011 with a copy of this document via the Court's CM/ECF system.

*/s/ Joseph C. Gratz*
Joseph C. Gratz