KIRK B. LENHARD, ESQ.
Nevada Bar No. 1437
TAMARA BEATTY PETERSON, ESQ.
Nevada Bar No. 5218
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 N. City Parkway, Suite 1600
Las Vegas, NV 89106
Telephone: (702) 382-2101
Facsimile:   (702) 382-8135
Email: klenhard@bhfs.com
Email: tpeterson@bhfs.com

Andrea W. Jeffries (*pro hac vice*)
Michael D. Jay (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone:  (213) 443-5300
Facsimile:   (213) 443-5400
andrea.jeffries@wilmerhale.com
michael.jay@wilmerhale.com

Jennifer E. Chen (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100
jennifer.chen@wilmerhale.com

*Attorneys for Defendant Teletech Holdings, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALTO VENTURES, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>CONVERGYS CORP.; FIVE9, INC.; TELETECH HOLDINGS, INC.; TRANSERA COMMUNICATIONS, INC.; WEST CORP.; and WSOL, INC. (d/b/a WORKING SOLUTIONS),<br><br>        Defendants. | CASE NO.:  2:11-cv-01056-PMP-GWF<br><br><br>**DEFENDANT TELETECH HOLDINGS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT OF ALTO VENTURES, INC. AND COUNTERCLAIMS** |

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

1    Defendant TeleTech Holdings, Inc. ("TeleTech") hereby submits its answer to the

2    allegations set forth in the First Amended Complaint ("Complaint") of Plaintiff Alto Ventures,

3    Inc. ("Alto Ventures") filed on August 9, 2011.

4                                        **THE PARTIES**

5           1.      TeleTech lacks knowledge and information sufficient to form a belief as to the

6    truth of the allegations of paragraph 1, and therefore denies those allegations.

7           2.      TeleTech lacks knowledge and information sufficient to form a belief as to the

8    truth of the allegations of paragraph 2 and therefore denies those allegations.

9           3.      TeleTech lacks knowledge and information sufficient to form a belief as to the

10   truth of the allegations of paragraph 3 and therefore denies those allegations.

11          4.      TeleTech denies that it is incorporated under the laws of the State of Colorado and

12   admits that has a regular and established place of business at 9197 South Peoria Street,

13   Englewood, Colorado 80112.  TeleTech admits that its registered agent for service of process is

14   The Corporation Company, located at 1675 Broadway, Suite 1200, Denver, Colorado 80202.  To

15   the extent the remaining allegations of paragraph 4 call for a legal conclusion, no response is

16   required.  To the extent a response is required, Teletech denies each of the remaining allegations

17   of paragraph 4.

18          5.      TeleTech lacks knowledge and information sufficient to form a belief as to the

19   truth of the allegations of paragraph 5, and therefore denies those allegations.

20          6.      TeleTech lacks knowledge and information sufficient to form a belief as to the

21   truth of the allegations of paragraph 6, and therefore denies those allegations.

22          7.      TeleTech lacks knowledge and information sufficient to form a belief as to the

23   truth of the allegations of paragraph 7, and therefore denies those allegations.

24                                **JURISDICTION AND VENUE**

25          8.      TeleTech admits that the Complaint purports to be an action for patent

26   infringement arising under the patent laws of the United States but denies that Alto Ventures is

27   entitled to any relief.

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

6574\87\1619725.1                                    2

1      9.      TeleTech admits that this Court has subject matter jurisdiction over patent

2   infringement cases under 28 U.S.C. §§ 1331 and 1338(a).

3      10.     To the extent the allegations of paragraph 10 call for a legal conclusion, no

4   response is required.  To the extent a response is required, TeleTech denies the allegations of

5   paragraph 10 pertaining to TeleTech.  TeleTech lacks knowledge or information sufficient to

6   form a belief as to the truth of the allegations of paragraph 10 as they relate to other Defendants,

7   and therefore denies those allegations.

8      11.     To the extent the allegations of paragraph 11 call for a legal conclusion, no

9   response is required.  To the extent a response is required, TeleTech denies the allegations of

10   paragraph 11.

11                                    **BACKGROUND**

12      12.     TeleTech lacks knowledge and information sufficient to form a belief as to the

13   truth of the allegations of paragraph 12 and therefore denies those allegations.

14      13.     TeleTech lacks knowledge and information sufficient to form a belief as to the

15   truth of the allegations of paragraph 13 and therefore denies those allegations.

16      14.     TeleTech lacks knowledge and information sufficient to form a belief as to the

17   truth of the allegations of paragraph 14 and therefore denies those allegations.

18      15.     TeleTech lacks knowledge and information sufficient to form a belief as to the

19   truth of the allegations of paragraph 15 and therefore denies those allegations.

20      16.     TeleTech lacks knowledge and information sufficient to form a belief as to the

21   truth of the allegations of paragraph 16 and therefore denies those allegations.

22      17.     TeleTech lacks knowledge and information sufficient to form a belief as to the

23   truth of the allegations of paragraph 17 and therefore denies those allegations.

24      18.     TeleTech lacks knowledge and information sufficient to form a belief as to the

25   truth of the allegations of paragraph 18 and therefore denies those allegations.

26      19.     TeleTech lacks knowledge and information sufficient to form a belief as to the

27   truth of the allegations of paragraph 19 and therefore denies those allegations.

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

# COUNT 1

20.     TeleTech incorporates its responses to the allegations of paragraphs 1 through 19 as if fully set forth herein.

21.     TeleTech admits that United State Patent No. 7,418,092 ("the '092 patent"), titled "Virtual Call Center," was issued by the U.S. Patent and Trademark Office on August 26, 2008. Teletech admits that Exhibit A to the Complaint purports to be a copy of the '092 patent. TeleTech lacks knowledge and information sufficient to form a belief as to the remaining allegations of paragraph 21 and therefore denies those allegations.

22.     TeleTech lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 22 and therefore denies those allegations.

23.     TeleTech lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 23 and therefore denies those allegations.

24.     TeleTech denies the allegations of paragraph 24.

25.     TeleTech lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore denies those allegations.

26.     TeleTech lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 26 and therefore denies those allegations.

27.     TeleTech lacks knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 27 and therefore denies those allegations.

28.     TeleTech admits that it received notice of the '092 patent when it received the Original Complaint.  TeleTech lacks knowledge and information sufficient to form a belief as to truth of the allegations of paragraph 28 as they relate to other Defendants and therefore denies those allegations.

29.     To the extent the allegations of paragraph 29 call for a legal conclusion, no response is required.  To the extent a response is required, TeleTech denies those allegations pertaining to TeleTech.  TeleTech lacks knowledge and information sufficient to form a belief as to truth of the allegations of paragraph 29 pertaining to the other Defendants and therefore denies those allegations.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

30.     To the extent the allegations of paragraph 30 call for a legal conclusion, no response is required.  To the extent a response is required, TeleTech denies that Alto Ventures has been damaged by any alleged conduct by TeleTech.   TeleTech denies that Alto Ventures is entitled to any compensation by TeleTech.  TeleTech lacks knowledge and information sufficient to form a belief as to truth of the allegations of paragraph 30 as they relate to other Defendants and therefore denies those allegations.

31.     TeleTech denies that it infringes any claim of the '092 patent.  TeleTech denies that Alto Ventures is entitled to any royalties from TeleTech related to the '092 patent.  TeleTech lacks knowledge and information sufficient to form a belief as to truth of the allegations of paragraph 31 as they relate to other Defendants and therefore denies those allegations.

32.     TeleTech lacks knowledge and information sufficient to form a belief as to truth of the allegations of paragraph 32 and therefore denies those allegations.

33.     To the extent the allegations of paragraph 33 call for a legal conclusion, no response is required.  To the extent a response is required, TeleTech denies that it infringes any claim of the '092 patent.  TeleTech denies that Alto Ventures has been damaged by any alleged conduct by TeleTech.   TeleTech denies that Alto Ventures is entitled to compensation by TeleTech.  TeleTech lacks knowledge and information sufficient to form a belief as to truth of the remaining allegations of paragraph 33 and therefore denies those allegations.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, TeleTech asserts the following defenses to Alto Ventures' Complaint.  Assertion of a defense is not a concession that TeleTech has the burden of proving the matter asserted.  Teletech reserves the right to amend its answer and affirmative defenses as further information is obtained.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Alto Ventures is precluded from recovering on its Complaint because it fails to state a claim upon which relief can be granted.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

TeleTech does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale, or imported into the United States, any products or methods that infringe any valid and enforceable asserted claims of the '092 patent.

TeleTech does not and has not infringed, either directly and/or indirectly, literally and/or under the Doctrine of Equivalents, any valid and enforceable claim of the '092 patent.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

Each and every claim of the '092 patent is invalid for failing to meet one or more of the requisite conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and 112.

The prior art known before the alleged inventions covered by the '092 patent limits and restricts their scope so that TeleTech does not infringe any valid and/or enforceable claims of the '092 patent.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches, Estoppel, Waiver, Implied License, Marking, and Unclean Hands)

Alto Venture's claims are barred or limited by the equitable doctrine of laches, estoppel, waiver, implied license, marking, and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel/Disclaimer)

Alto Ventures is estopped from asserting its infringement claims against TeleTech under the doctrines of prosecution history estoppel and/or prosecution disclaimer.

## SIXTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 287)

Pursuant to the requirements of 35 U.S.C. § 287, Alto Ventures is not entitled to recover any damages for actions occurring prior to the filing of the Complaint in this action.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Government Sales)**

Plaintiff's claims for damages are limited by 28 U.S.C. § 1498.

**EIGHTH AFFIRMATIVE DEFENSE**
**(No Injunctive Relief)**

Neither preliminary nor permanent injunctive relief is available to Alto Ventures under the legal standards for injunctions because, among other things, Alto Ventures is not competing with TeleTech and is not practicing the alleged inventions. In addition, the balance of hardships and public interest do not favor an injunction in this case. *See eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

**NINTH AFFIRMATIVE DEFENSE**
**(No Enhanced Damages)**

Alto Ventures has failed to plead and meet the necessary requirements and is therefore not entitled to an enhanced damages award.

**TENTH AFFIRMATIVE DEFENSE**
**(35 U.S.C. § 288)**

Alto Ventures is precluded from recovering costs under 35 U.S.C. § 288.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(False Inventorship)**

On information and belief, the '092 patent is unenforceable for failure to identify the true inventors.

**<u>COUNTERCLAIMS</u>**

In addition to its affirmative defenses, TeleTech asserts the following counterclaims against Alto Ventures:

**THE PARTIES**

1.      TeleTech Holdings, Inc. ("TeleTech") is a Delaware corporation having its principal place of business at 9197 South Peoria Street, Englewood, Colorado 80112.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

6574\87\1619725.1

7

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

2.      On information and belief, Alto Ventures, Inc. ("Alto Ventures") is a Nevada corporation having its principal place of business 2505 Anthem Village, Suite E587, Henderson, Nevada 89052.

## JURISDICTION AND VENUE

3.      By virtue of the allegations of Alto Venture's Amended Complaint and TeleTech's Answer, an actual controversy exists between TeleTech and Alto Ventures as to whether the claims of U.S. Patent No. 7,418,092 ("the '092 patent") are invalid and not infringed by TeleTech.

4.      Alto Ventures claims to be the owner of the entire right, title, and interest in the '092 patent.

5.      By its counterclaims, TeleTech seeks to obtain a judgment declaring that TeleTech is not infringing and has not infringed the '092 patent, and that the '092 patent is invalid and unenforceable.  TeleTech's counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 101, et seq. This Court has subject-matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

6.      Personal jurisdiction and venue are proper in the District of Nevada because Alto Ventures is incorporated under the laws of Nevada and has its principal place of business in this District.  Alto Ventures has also submitted itself to the Court's jurisdiction by filing its Complaint in this Court.

7.      Alto Ventures has admitted that venue is proper in this District.

## FIRST COUNTERCLAIM
### (Declaration of Non-Infringement of the '092 Patent)

8.      TeleTech incorporates by reference the allegations made in Paragraphs 1-7 of its Counterclaims and paragraphs 1-47 of its Answer as if fully set forth here.

9.      Alto Ventures appears to accuse TeleTech's "products and services including, but not limited to, its 'Hosted Technology solutions'" of infringing the '092 patent.  TeleTech does

1  not make, use, sell, offer to sell, or import into the United States any products or services that

2  infringe the '092 patent.

3        10.    TeleTech does not and has not infringed, either directly and/or indirectly, literally

4  and/or under the Doctrine of Equivalents any valid claim of the '092 patent.  TeleTech has neither

5  contributed to nor induced another party's infringement of any valid or asserted claim of the '092

6  patent.

7        11.    Absent a declaration of non-infringement of any valid and enforceable claim of the

8  '092 patent, Alto Ventures will continue to assert the '092 patent against TeleTech and will in this

9  way cause damage to TeleTech.

10        12.    Accordingly, TeleTech seeks a declaratory judgment holding that it does not and

11  has not infringed, either directly, indirectly, contributorily, by inducement, or otherwise, any valid

12  and enforceable claim of the '092 patent.  Such a determination is necessary and appropriate at

13  this time in order that the parties may ascertain their respective rights and duties.

14  **SECOND COUNTERCLAIM**<br>**(Declaration of Invalidity of the '092 Patent)**

15

16        13.    TeleTech incorporates by reference the allegations made in Paragraphs 1-12 of its

17  Counterclaims and paragraphs 1-47 of its Answer as if fully set forth here.

18        14.    The claims of the '092 patent, including at least claims 1 and 16, are invalid for

19  failure to satisfy one or more of the conditions for patentability specified in 35 U.S.C. §§ 101,

20  102, 103, and 112.

21        15.    Absent a declaration of invalidity of the '092 patent, Alto Ventures will continue

22  to assert these invalid patent claims against TeleTech and will in this way cause damage to

23  TeleTech.

24        16.    Accordingly, TeleTech seeks a declaratory judgment holding that the claims of the

25  '092 patent are invalid and/or void.  Such a determination is necessary and appropriate at this

26  time in order that the parties may ascertain their respective rights and duties.

27

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

## **REQUESTED RELIEF**

WHEREFORE, TeleTech prays for judgment with respect to AltoVentures' Complaint and TeleTech's Counterclaims as follows:

(a)     That Alto Ventures' Complaint be dismissed with prejudice;

(b)     That the Court enter judgment against Alto Ventures and in favor of TeleTech;

(c)     That the Court enter a declaratory judgment declaring that TeleTech does not directly or indirectly infringe the '092 patent;

(d)     That the Court enter a declaratory judgment declaring the claims of the '092 patent to be invalid and/or void;

(e)     That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285;

(f)     That the Court award to TeleTech the costs of this action, including reasonable attorneys' fees; and

(g)     Any other relief that this Court deems just and proper.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

## JURY DEMAND

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Defendant and Counter Claimant TeleTech respectfully requests a jury trial on all issues so triable, including without limitation, Alto Venture's claims and TeleTech's affirmative defenses and Counterclaims.

DATED this 6th day of December, 2011.

BROWNSTEIN HYATT FARBER SCHRECK, LLP


By: _/s/ Tamara Beatty Peterson_____
KIRK B. LENHARD, ESQ.
Nevada Bar No. 1437
TAMARA BEATTY PETERSON, ESQ.
Nevada Bar No. 5218
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 N. City Parkway, Suite 1600
Las Vegas, NV 89106
Telephone: (702) 382-2101
Facsimile:  (702) 382-8135
Email: klenhard@bhfs.com
Email: tpeterson@bhfs.com

Andrea W. Jeffries (*pro hac vice*)
Michael D. Jay (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone:  (213) 443-5300
Facsimile:   (213) 443-5400
andrea.jeffries@wilmerhale.com
michael.jay@wilmerhale.com

Jennifer E. Chen (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100
jennifer.chen@wilmerhale.com

*Attorneys for Defendant Teletech Holdings, Inc.*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<ins>CERTIFICATE OF SERVICE</ins>**

Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of Brownstein Hyatt Farber Schreck, LLP, and that a true and correct copy of the **DEFENDANT TELETECH HOLDINGS, INC.'S ANSWER TO FIRST AMENDED COMPLAINT OF ALTO VENTURES, INC. AND COUNTERCLAIMS** was served via electronic service, via CM/ECF, on this 6<ins>th</ins> day of December, 2011, and to the address(es) shown below:

Jonathan T. Suder**,** Esq.
Michael T. Cooke**,** Esq.
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4<ins>th</ins> Street, Suite 200
Fort Worth, TX 76102
Telephone: (817) 334-0400
Fax: (817) 334-0401
Email: jts@fsclaw.com
Email: mtc@fsclaw.com
*Attorneys for Plaintiff*

Keith A. Rutherford**,** Esq.
Daniel Peterson**,** Esq.
WONG, CABELLO, LUTSCH,
RUTHERFORD & BRUCCULERI, LLP
20333 State Highway 249, Suite 600
Houston, TX 77070
Telephone: (832) 446-2400
Fax: (832) 446-2424
Email: dpeterson@counselip.com
Email: krutherford@counselip.com
*Attorneys for Plaintiff*

L. Kristopher Rath**,** Esq.
HUTCHISON & STEFFEN, LLC
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Telephone: (702) 385-2500
Fax: (702) 385-2086
Email: krath@hutchlegal.com
*Attorneys for Plaintiff*

James J. Pisanelli, Esq.
Debra L. Spinelli, Esq.
PISANELLI BICE, PLLC
3883 Howard Hughes Parkway, Suite 800
Las Vegas, NV 89169
Telephone: (702) 214-2100
Fax: (702) 214-2101
Email: lit@pisanellibice.com
Email: lit@pisanellibice.com
*Attorneys for Defendant Convergys Corp.*

Dan D. Davison, Esq.
FULBRIGHT & JAWORSKI, L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone: (214) 855-8000
Email: ddavison@fulbright.com
*Attorneys for Defendant Convergys Corp.*

John A. O'Malley, Esq.
FULBRIGHT & JAWORSKI, L.L.P.
555 South Flower Street, Forty-First Floor
Los Angeles, CA 90071
Telephone: (213) 892-9200
Email: jomalley@fulbright.com
*Attorneys for Defendant Convergys Corp.*

Gregory L. Lippetz, Esq.
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Fax: (650) 739-3900
Email: glippetz@jonesday.com
*Attorneys for Defendant Five 9, Inc.*

Andrew P. Gordon, Esq.
MCDONALD CARANO WILSON
2300 W. Sahara Avenue, Suite 1000-10
Las Vegas, NV 89102
Telephone: (702) 873-4100
Email: agordon@mcdonaldcarano.com
*Attorneys for Five9, Inc.*

6574\87\1619725.1

12

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

1   Daralyn J. Durie, Esq.                      Arthur S. Beeman, Esq.
    Genevieve P. Rosloff, Esq.                  Sarah S. Eskandari, Esq.
2   Joseph Gratz, Esq.                          SNR DENTON
    DURIE TANGRI LLP                            525 Market Street, 26th Floor
3   217 Leidesdorff St                          San Francisco, CA 94105-2708
    San Francisco, CA 94111                     Telephone: (415)882-0138
4   Telephone (415) 362-6666                    Fax: (415) 882-0300
    Email: ddurie@durietangri.com               Email: arthur.beeman@snrdenton.com
5   Email: grosloff@durietangri.com             Email: sarah.eskandari@snrdenton.com
    Email: jgratz@durietangri.com               *Attorneys for Defendant Transera*
6   *Attorneys for Defendant West Corp.*        *Communications, Inc.*

7

8   Michael J. McCue, Esq.                      James E. Whitmire, III
    Jonathan W. Fountain, Esq.                  SANTORO, DRIGGS, WALCH, KEARNEY,
9   LEWIS & ROCA, LLP                           JOHNSTON & THOMPSON
    3993 Howard Hughes Pkwy., Suite 600         400 South Fourth Street
10  Las Vegas, NV 89109                         Third Floor
    Telephone: (702) 949-8200                   Las Vegas, NV 89101
11  Fax: (702) 949-8363                         Telephone: (702) 791-0308
    Email: mmccue@lrlaw.com                     Fax: (702) 791-1912
12  Email: jfountain@lrlaw.com                  Email: jwhitmire@nevadafirm.com
    *Attorneys for Working Solutions, Inc.*     *Attorneys for Defendant Transera*
13                                              *Communications, Inc.*

14  Leslie Bryan Hart, Esq.                     Daralyn J. Durie, Esq.
    LIONEL SAWYER & COLLINS                     DURIE TANGRI LLP
15  50 W. Liberty, Suite 1100                   217 Leidesdorff St
    Reno, NV 89501                              San Francisco, CA 94111
16  Telephone: (775) 788-8650                   Telephone: (415) 362-6666
    Fax: (775) 788-8682                         *Attorneys for Defendant West Corp.*
17  Email: lhart@lionelsawyer.com
    *Attorneys for Defendant West Corp.*

18      I further certify that I am familiar with the firm's practice of collection and processing

19  documents for mailing; that in accordance therewith, I caused the above-named document to be

20  deposited with the U.S. Postal Service at Las Vegas, Nevada, in a sealed envelope, with first-class

21  postage prepaid, on this 6th day of December, 2011, and to the address(es) shown below:

22  Tarek N. Fahmi, Esq.
    SNR DENTON US LLP
23  1530 Page Mill Road, Suite 200
    Palo Alto, CA 94304-1125
24  Telephone: (650) 798-0300
    Fax: (650) 798-0310
25  *Attorneys for Defendant Transera*
    *Communications, Inc.*

26
                                          /s/ Erin Parcells
27                                        Employee of Brownstein Hyatt Farber Schreck, LLP

28

6574\87\1619725.1                                   13