W. WEST ALLEN
Nevada Bar No. 5566
wallen@lrlaw.com
MICHAEL J. MCCUE
Nevada Bar No. 6055
mmcue@lrlaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8365

Attorneys for Defendant
WORKING SOLUTIONS, INC.

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ALTO VENTURES, INC.<br><br>Plaintiff,<br><br>vs.<br><br>CONVERGYS CORP., FIVE9, INC., TELETECH HOLDINGS, INC., TRANSERA COMMUNICATIONS, INC., WEST CORP., and WSOL, INC. d/b/a WORKING SOLUTIONS,<br><br>Defendants.<br><hr>WSOL, INC. d/b/a WORKING SOLUTIONS,<br><br>Counterclaimant,<br>vs.<br><br>ALTO VENTRUES, INC.,<br><br>Counter-defendant. | Case No.: 2:11-cv-01056-PMP-GWF<br><br>**DEFENDANT WSOL, INC.'S D/B/A/ WORKING SOLUTIONS ANSWER TO FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

### **WSOL, INC.'S ANSWER, AFFIRMATIVE, AND OTHER DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AND COUNTERCLAIM**

Defendant WSOL, Inc. d/b/a Working Solutions ("WSOL"), by counsel, answers and responds to Plaintiff Alto Ventures, Inc.'s ("ALTO") First Amended Complaint as follows:

## THE PARTIES

1. WSOL does not have knowledge or information sufficient to admit or deny the statements contained in paragraph 1 of the Complaint, and therefore denies them.

2. WSOL does not have knowledge or information sufficient to admit or deny the statements contained in paragraph 2 of the Complaint, and therefore denies them.

3. WSOL does not have knowledge or information sufficient to admit or deny the statements contained in paragraph 3 of the Complaint, and therefore denies them.

4. WSOL does not have knowledge or information sufficient to admit or deny the statements contained in paragraph 4 of the Complaint, and therefore denies them.

5. WSOL does not have knowledge or information sufficient to admit or deny the statements contained in paragraph 5 of the Complaint, and therefore denies them.

6. WSOL does not have knowledge or information sufficient to admit or deny the statements contained in paragraph 6 of the Complaint, and therefore denies them.

7. WSOL admits that it is a corporation organized under the laws of the State of Delaware with principal places of business at 1820 Preston Park Blvd., Suite 2000, Plano, Texas 75093. To the extent not explicitly admitted, WSOL denies each and every allegation contained in paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. WSOL admits that this is a civil action for patent infringement arising under the Acts of Congress relating to patents, including 35 United States Code § 1 *et seq.*, but denies that this action has any merit.

9. WSOL admits that this Court has jurisdiction of the subject matter of this action pursuant to at least 28 U.S.C § 1331 and 1338(a) but denies that the subject matter of this action is legally valid or sufficient.

10. WSOL admits that the Complaint states that the Court has personal jurisdiction over WSOL, but denies that ALTO's action is legally valid or sufficient. WSOL admits that it conducts business in the State of Nevada, but denies that its business activity results in any committed and/or induced acts of patent infringement. To the extent not explicitly admitted,

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

2573707.1

1  WSOL denies each and every allegation contained in paragraph 10 of the Complaint.

2    11. WSOL admits that venue is proper within this district pursuant to 28 U.S.C. § 1391 and § 1400(b), but denies that the subject matter of this Complaint is legally valid or sufficient. WSOL admits that it has transacted business in this district, but denies that it has committed and/or induced acts of patent infringement in this district or any other.

## BACKGROUND

  12. WSOL does not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint, and therefore denies them.

  13. WSOL does not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 13 of the Complaint, and therefore denies them.

  14. WSOL does not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 14 of the Complaint, and therefore denies them.

  15. WSOL does not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 15 of the Complaint, and therefore denies them.

  16. WSOL does not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 16 of the Complaint, and therefore denies them.

  17. WSOL does not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 17 of the Complaint, and therefore denies them.

  18. WSOL does not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 18 of the Complaint, and therefore denies them.

  19. WSOL does not have knowledge or information sufficient to admit or deny the allegations contained in paragraph 19 of the Complaint, and therefore denies them.

## COUNT I - INFRINGEMENT OF THE '092 PATENT

  20. WSOL reasserts all the facts and allegations contained in the previous paragraphs of its answer as if fully set forth herein.

  21. WSOL admits that a copy of United States Patent No. 7,418,092 ("the '092 Patent") entitled "Virtual Call Center" is attached as Exhibit A to the Complaint, and that, on its face, the '092 Patent states that it was issued on August 26, 2008.  WSOL does not have

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

1  knowledge or information sufficient to admit or deny the remaining allegations contained in
2  paragraph 21 of the Complaint, and therefore denies them.

3      22. WSOL does not have knowledge or information sufficient to admit or deny the
4  allegations contained in paragraph 22 of the Complaint, and therefore denies them.

5      23. WSOL does not have knowledge or information sufficient to admit or deny the
6  allegations contained in paragraph 23 of the Complaint, and therefore denies them.

7      24. WSOL does not have knowledge or information sufficient to admit or deny the
8  allegations contained in paragraph 24 of the Complaint, and therefore denies them.

9      25. WSOL does not have knowledge or information sufficient to admit or deny the
10 allegations contained in paragraph 25 of the Complaint, and therefore denies them.

11     26. WSOL does not have knowledge or information sufficient to admit or deny the
12 allegations contained in paragraph 26 of the Complaint, and therefore denies them.

13     27. WSOL admits that that it sells, offers for sale, distributes, and services a contact
14 center platform, but denies that said platform in any way infringes the '092 Patent. WSOL denies
15 each and every other allegation contained in paragraph 27 of the Complaint.

16     28. WSOL admits that it had actual notice of the '092 Patent as early as the filing of the
17 Complaint, but denies the existence of any notice of the '092 Patent before that date..

18     29. WSOL, with respect to its acts, denies each and every allegation contained in
19 paragraph 29 of the Complaint. WSOL is without knowledge as to the acts of any other party and
20 therefore denies any allegations in paragraph 29 as they pertain to those parties.

21     30. WSOL denies each and every allegation contained in paragraph 30 of the
22 Complaint.

23     31. WSOL, with respect to its acts, denies each and every allegation contained in
24 paragraph 31 of the Complaint. WSOL is without knowledge as to the acts of any other party and
25 therefore denies any allegations in paragraph 31 as they pertain to those parties.

26     32. WSOL denies each and every allegation contained in paragraph 32 of the
27 Complaint.

28     33. WSOL, with respect to its acts, denies each and every allegation contained in

paragraph 33 of the Complaint. WSOL is without knowledge as to the acts of any other party and therefore denies any allegations in paragraph 33 as they pertain to those parties.

## RESPONSE TO ALTO'S PRAYER FOR RELIEF

WHEREFORE, WSOL denies that ALTO is entitled to any relief, as prayed for in the Complaint or otherwise, and, accordingly, respectfully prays for entry of judgment dismissing the claims against WSOL with prejudice, and for such other and further relief as is just and proper under the circumstances including, but not limited to:

A. Dismissing any and all counts of the Complaint asserted against WSOL with prejudice;

B. Declaring and entering judgment that the asserted patent is invalid;

C. Declaring and entering judgment finding that WSOL has not infringed the asserted patent;

D. Denying ALTO's request for damages, including compensatory damages under 35 U.S.C. § 284, pre-judgment or post-judgment interest, or on-going post-judgment royalties;

E. Declaring that this is an exceptional case, and awarding WSOL its attorneys' fees incurred in connection with this matter; and

F. Awarding WSOL such other and further relief as the Court deems just and proper under the circumstances.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Further answering the Complaint, and as affirmative and additional defenses thereto, WSOL asserts the following, without assuming the burden of proof when such burden would otherwise be on ALTO. WSOL reserves the right to amend its Answer and Affirmative and Other Defenses as additional information becomes available and/or is otherwise discovered.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement of the '092 Patent)

WSOL does not infringe and has not infringed, either directly, contributorily, by inducement, separately or jointly, or otherwise, any valid and enforceable claim of the '092 Patent,

either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity of the '092 Patent)

Upon information and belief, WSOL states that ALTO is wholly or partially barred from the relief that it seeks because the asserted patent is invalid as to the claims thereof for failure to comply with one or more requirements of the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, including but not limited to Sects. 101, 102, 103, 112, and/or 116.

## THIRD AFFIRMATIVE DEFENSE

### (Limitation on Damages)

ALTO's recovery for alleged infringement of the '092 Patent, if any, is limited by 35 U.S.C. § 287. Plaintiff is not entitled to any damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any alleged infringement by WSOL for Plaintiff's failure to comply with, to the extent that Plaintiff has not complied with the notice requirements of 35 U.S.C. § 287.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver and/or Equitable Estoppel)

ALTO's claims are barred in whole or in part by the doctrines of waiver and/or equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Prosecution Estoppel)

ALTO is estopped from construing the claims of the '092 Patent in such a way as to cover any of WSOL's products or actions, due to statements, acts or omissions before the U.S. Patent and Trademark Office during prosecution of the applications (or related applications) that led to the issuance of the '092 Patent, or at any other time.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

ALTO's claims for damages derived from the '092 Patent are barred in whole or in part, by the doctrine of laches.

/ / /

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

ALTO's Complaint fails to state a claim upon which relief can be granted against WSOL.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

ALTO is not entitled to injunctive relief because any alleged injury to ALTO is not immediate or irreparable, and ALTO has an adequate remedy at law.  Furthermore, ALTO is not entitled to an equitable accounting of damages because ALTO has an adequate remedy at law.

WSOL expressly reserves the right to raise and/or assert any further defenses which may become applicable as discovery proceeds in this matter.

**COUNTERCLAIMS**

WSOL, Inc. d/ba/ Working Solutions Inc. ("WSOL"), by and through its attorneys, and for its Counterclaim against Alto Ventures, Inc. ("ALTO"), states as follows:

**Nature of Action**

1. This Counterclaim seeks, *inter alia*, a judgment declaring that the claims of United States Patent No. 7,418,092 (the "'092 Patent") are not infringed by WSOL and/or are invalid.

**Jurisdiction and Venue**

2. The Court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, 28 U.S.C. § 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.  Venue is proper in the United States District Court for the District of Nevada under the provisions of 28 U.S.C. §§ 1391 and 1400(b).

3. Personal jurisdiction is proper in this district in that ALTO has consented to personal jurisdictional through at least the act of bringing the aforementioned action on the '092 Patent.

**The Parties**

4. WSOL is a Delaware corporation with a principal place of business at 1820 Preston Park Boulevard, Suite 2000, Plano, Texas  75093.

5. On information and belief, ALTO is a Nevada corporation with its principal place

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

of business at 2505 Anthem Village, Suite E587, Henderson, Nevada 89052.

### Acts Giving Rise to the Counterclaim

6. On June 27, 2011, ALTO filed a Complaint against WSOL alleging that WSOL has infringed and/or is infringing one or more of the claims of the '092 Patent.

7. By such action, ALTO has created an actual and justiciable case and controversy between itself and WSOL concerning whether the '092 Patent is valid and/or enforceable, as well as whether WSOL has infringed and/or is infringing upon any valid and/or enforceable claim of the '092 Patent.

### COUNT I

### Declaratory Judgment of Non-Infringement of the '092 Patent

### (28 U.S.C. §§ 2201 and 2002)

8. WSOL incorporates by reference each and every allegation set forth in Paragraphs 1 through 7 of this Counterclaim as if fully set forth here.

9. WSOL does not infringe, either directly, indirectly, alone, jointly, or otherwise, and has not induced and/or contributed to infringement, any valid and enforceable claim(s) of the '092 Patent, either literally or under the doctrine of equivalents.

10. Any claims of the '092 Patent that may be held valid or enforceable are so restricted in scope that WSOL has not infringed, and does not infringe, any such claims.

11. WSOL respectfully contends that it is entitled to a declaration of non-infringement with respect to the '092 Patent.

### COUNT II

### Declaratory Judgment of Invalidity of the '092 Patent

### (28 U.S.C. §§ 2201 and 2002)

12. WSOL incorporates by reference each and every allegation set forth in Paragraph 1 through 11 of this Counterclaim as if fully set forth here.

13. Upon information and belief, the claims of the '092 Patent are invalid for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, including but not limited to Sections 101, 102, 103, 112, and/or 132.

14. WSOL respectfully contends that it is entitled to a declaration of invalidity of the '092 Patent

### WSOL, INC.'S PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiff WSOL, respectfully prays that the Court enter judgment in its favor and award the following relief against ALTO:

A. Declaring that WSOL has not infringed and is not infringing any of the claims of the '092 Patent;

B. Declaring that each claim of the '092 Patent is invalid and of no force or effect;

C. Declaring that this is an exceptional case, and awarding WSOL its attorneys' fees incurred in connection with this matter;

D. Permanently enjoining ALTO and its officers, directors, agents, servants, employees, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that WSOL and/or any of its respective officers, directors, agents, servants, employees, subsidiaries or customers, infringe any of the claims of the '092 Patent; and

E. Awarding and granting WSOL such other and further relief as the Court deems just and proper under the circumstances.

Dated this 6th day of December, 2011.

LEWIS AND ROCA LLP

By: /s/West Allen
W. WEST ALLEN
Nevada Bar No. 5566
MICHAEL J. MCCUE
Nevada Bar No. 6055
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

Attorneys for Defendant
WSOL, INC, d/b/a WORKING SOLUTIONS

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P.5(b), I certify that on December 6, 2011, I caused the forgoing **WSOL, INC.'S ANSWER, AFFIRMATIVE, AND OTHER DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AND COUNTERCLAIM** to be served via the U.S. District Court's ECF electronic transmission to the attorneys of record.

                           /s/Danielle Kelley
                    An Employee of Lewis and Roca LLP

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169