KIRK B. LENHARD, ESQ.
Nevada Bar No. 1437
TAMARA BEATTY PETERSON, ESQ.
Nevada Bar No. 5218
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 N. City Parkway, Suite 1600
Las Vegas, NV 89106
Telephone: (702) 382-2101
Facsimile:  (702) 382-8135
Email: klenhard@bhfs.com
Email: tpeterson@bhfs.com

ANDREA W. JEFFRIES, ESQ. (*pro hac vice*)
MICHAEL D. JAY, ESQ. (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone:  (213) 443-5300
Facsimile:   (213) 443-5400
Email:  andrea.jeffries@wilmerhale.com
Email:  michael.jay@wilmerhale.com

JENNIFER E. CHEN, ESQ. (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:   (650) 858-6100
Email:  jennifer.chen@wilmerhale.com

*Attorneys for Defendant TeleTech Holdings, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALTO VENTURES, INC., | CASE NO.:  2:11-cv-01056-PMP-GWF |
| Plaintiff, | |
| v. | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| CONVERGYS CORP.; FIVE9, INC.; TELETECH HOLDINGS, INC.; TRANSERA COMMUNICATIONS, INC.; WEST CORP.; and WSOL, INC. (d/b/a WORKING SOLUTIONS), | |
| Defendants. | |

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

1.     **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in the above-captioned action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.   Accordingly, plaintiff Alto Ventures, Inc. ("Plaintiff") and defendants Five9, Inc., Teletech Holdings, Inc., Transera Communications, Inc., West Corp., and WSOL, Inc. (collectively, "Defendants") hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Protective Order").   The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.   The parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal; Local Rule 10-5(b) sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

2.     **DEFINITIONS**

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Protective Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including all non-public information or matter related to: financial or business plans or projections; acquisition offers or expressions of interest; proposed strategic transactions or other business combinations; compensation plans; proprietary technical information and specifications; current or future business and marketing information, plans, and strategies; studies or analyses by internal or outside experts; customer information, data, or lists; confidential financial data or results; tax data; confidential information regarding assets and liabilities; valuations analysis; competitive analyses; confidential personnel information; personal financial information; personal information subject to protection under Nevada law; or other commercially or personally sensitive or proprietary information.  Notwithstanding the foregoing,

"CONFIDENTIAL" Information or Items shall not mean information or documents produced or disclosed that are or become, without violating this Protective Order, and apart from production or disclosure in connection with this Action, a matter of public record or publicly available by law or otherwise.

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.    Notwithstanding the foregoing, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items shall not mean information or documents produced or disclosed that are or become, without violating this Protective Order, and apart from production or disclosure in connection with this Action, a matter of public record or publicly available by law or otherwise.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

2.9    "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," such as settlement agreements and documents containing sensitive financial or personal information, disclosure of which to anyone other than Outside Counsel of Record (and others described in section 7.4 below) would create a substantial risk of serious harm that could not be avoided by less restrictive means.   Notwithstanding the foregoing, "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items shall not mean information or documents produced or disclosed that are or become, without violating this Protective Order, and apart from production or disclosure in connection with this Action, a matter of public record or publicly available by law or otherwise.

2.10    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.11    House Counsel: attorneys who are employees of a party to this Action.   House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12    Non-Party: any natural person, partnership, corporation, association, or other legal entity that is not a Party to this Action.

2.13    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.14    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.15    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.16    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

1  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or as "HIGHLY

2  CONFIDENTIAL – SOURCE CODE."

3      2.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a

4  Producing Party.

5  **3.   <u>SCOPE</u>**

6      Except as the Designating Party or its counsel may otherwise agree in writing, or as the

7  Court may otherwise order, all Discovery Material marked or otherwise identified as

8  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

9  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY

10  CONFIDENTIAL – SOURCE CODE" and received by any Receiving Party pursuant to this

11  Protective Order: (a) shall be disclosed only to such persons and in such manner as set forth in

12  this Protective Order; (b) shall be used solely for the purposes of preparation for trial, trial of

13  and/or appeal from this Action and no other; and (c) shall not be used by the Receiving Party for

14  any other purposes, including, without limitation, any business or commercial purpose. The

15  foregoing prohibitions on the use of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

16  ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

17  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall survive the

18  termination of this Action.

19      This Protective Order has no effect upon, and shall not apply to, the Parties' use of their

20  own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

21  "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY

22  CONFIDENTIAL – SOURCE CODE" information for any purpose. Nothing in this Protective

23  Order shall: (i) prevent a Designating Party from disclosing its own "CONFIDENTIAL" or

24  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL –

25  OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

26  information to officers, directors, employees, agents, or advisors, including investment bankers

27  and accountants, of the Designating Party; or (ii) impose any restrictions on the use or disclosure

28  by a Party of documents, materials, or information designated "CONFIDENTIAL" or "HIGHLY

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information if such documents, materials, or information was both lawfully obtained by and lawfully retained in the possession of such Party independently of the discovery proceedings in this Action.

The protections conferred by this Stipulation and Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.

(b) <u>for testimony given in deposition</u>, that the Designating Party identify on the record, before the close of the deposition all protected testimony and specify the level of

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, is concluded) a right to have up to 21 days after receiving a copy of the final, hard copy transcript to identify in writing  the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order.  In both of the foregoing instances, counsel for the Designating Party shall direct that the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" be affixed to the portions of the original and all copies of the transcript.    The parties may modify this procedure for any particular deposition through agreement on the record at such depositions without further order of the Court.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".  If only a portion or portions of the information or item warrant protection, the

1   Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the

2   level of protection being asserted.

3       5.3   <u>Inadvertent Failures to Designate</u>.   Inadvertent failure to designate Discovery

4   Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

5   ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY

6   CONFIDENTIAL – SOURCE CODE" shall not constitute a waiver of such claim and may be

7   corrected by prompt supplemental notice designating such Discovery Material as

8   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

9   "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY

10  CONFIDENTIAL – SOURCE CODE" in a manner consistent with Paragraph 5.2.  Upon receipt

11  of such supplemental written notice, the Receiving Party must make reasonable efforts to assure

12  that the material is treated in accordance with the provisions of this Protective Order.  A person

13  disclosing Discovery Material that is subsequently designated as "CONFIDENTIAL" or

14  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL –

15  OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

16  shall in good faith assist the Designating Party in retrieving such Discovery Material from all

17  recipients not entitled to receive such Discovery Material under the terms of this Protective Order

18  and prevent further disclosure except as authorized under the terms of this Protective Order.

19  **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

20      6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of

21  confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

22  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

23  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

24  challenge a confidentiality designation by electing not to mount a challenge promptly after the

25  original designation is disclosed.

26      6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution

27  process by providing written notice of each designation it is challenging and describing the basis

28  for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, a Challenging Party that elects to press a challenge to the confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Local Rule 7-2 that identifies the challenged material and sets forth in detail the basis for the challenge. Each motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding subparagraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When

1   the litigation has been terminated, a Receiving Party must comply with the provisions of section

2   14 below (FINAL DISPOSITION).

3       Protected Material must be stored and maintained by a Receiving Party at a location and

4   in a secure manner that ensures that access is limited to the persons authorized under this

5   Protective Order.

6       7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

7   by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

8   information or item designated "CONFIDENTIAL" only to:

9           (a) Counsel to the Parties in this Action (Outside Counsel of Record and House

10  Counsel, including members of the Outside Counsel of Record's firms, associate attorneys,

11  contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary

12  employees), and consultants and vendors of such Counsel to the Parties (including trial

13  consultants, jury consultants, and service vendors, such as outside copying services, outside

14  litigation support services, translations services, or graphics, design, or document handling

15  services/consultants retained in connection with this Action for purposes of preparing

16  demonstrative or other exhibits for deposition, trial, or other court proceedings).  A Receiving

17  Party may further disclose any information designated "CONFIDENTIAL" to mock jurors,

18  provided that no Discovery Material designated as "CONFIDENTIAL" shall be disclosed to

19  mock jurors unless and until such person has executed the "Acknowledgment and Agreement to

20  Be Bound" that is attached hereto as Exhibit A;

21          (b) the officers, directors, and employees (including House Counsel) of the

22  Receiving Party assisting counsel for the purposes of this Action, to whom disclosure is

23  reasonably necessary for this litigation, and who have signed the "Acknowledgment and

24  Agreement to Be Bound" (Exhibit A);

25          (c) Experts (as defined in this Protective Order) of the Receiving Party to whom

26  disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

27  and Agreement to Be Bound" (Exhibit A);

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

(d) the Court and its staff and administrative personnel, and Court reporters, videographers, and stenographers employed to take depositions, and any essential personnel retained by the Court;

(e) the Producing Party (including its employees and representatives) that made such confidentiality designations, and the author or recipient of a document containing the information or a custodian or other person who otherwise received, possessed or knew the information; and

(f) any other person only upon order of the Court or upon stipulation of the Designating Party.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action (including members of the Outside Counsel of Record's firm, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees), and consultants and vendors of such Outside Counsel of Record to the Parties (including trial consultants, jury consultants, and service vendors, such as outside copying services, outside litigation support services, translations services, or graphics, design, or document handling services/consultants retained in connection with this Action for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings).  A Receiving Party may further disclose any information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to mock jurors, provided that no Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be disclosed to mock jurors unless and until such person has executed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

(b) Designated House Counsel of the Receiving Party, as well as Designated House Counsel's necessary secretarial, clerical, administrative, and support staff, (1) who have no involvement in competitive decision-making (*i.e.*, development, marketing, or pricing decisions), (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.5(a)(1), below, have been followed;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a)(2), below, have been followed;

(d) the Court and its staff and administrative personnel, and Court reporters, videographers, and stenographers employed to take depositions, and any essential personnel retained by the Court;

(e) the Producing Party (including its employees and representatives) that made such confidentiality designations, and the author or recipient of a document containing the information or a custodian or other person who otherwise received, possessed or knew the information; and

(f) any other person only upon order of the Court or upon stipulation of the Designating Party.

7.4   Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action (including members of the Outside Counsel of Record's firm, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees), and consultants and vendors of such Outside Counsel of Record to the Parties (including trial consultants, jury consultants, and service vendors, such as outside copying services, outside litigation support

services, translations services, or graphics, design, or document handling services/consultants retained in connection with this Action for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings).  A Receiving Party may further disclose any information designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" to mock jurors, provided that no Discovery Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall be disclosed to mock jurors unless and until such person has executed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5 (a)(2), below, have been followed;

(c) the Court and its staff and administrative personnel, and Court reporters, videographers, and stenographers employed to take depositions, and any essential personnel retained by the Court;

(d) the Producing Party (including its employees and representatives) that made such confidentiality designations, and the author or recipient of a document containing the information or a custodian or other person who otherwise received, possessed or knew the information; and

(e) any other person only upon order of the Court or upon stipulation of the Designating Party.

7.5     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(b) first must make a

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

1   written request to the Designating Party that (1) sets forth the full name of the Designated House

2   Counsel and the city and state of his or her residence, and (2) describes the Designated House

3   Counsel's current and reasonably foreseeable future primary job duties and responsibilities in

4   sufficient detail to determine if House Counsel is involved, or may become involved, in any

5   competitive decision-making.

6         (a)(2) Unless otherwise ordered by the court or agreed to in writing by the

7   Designating Party, a Party that seeks to disclose to an Expert (as defined in this Protective Order)

8   any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

9   EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or

10  "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a

11  written request to the Designating Party that (1) the Receiving Party seeks to disclose to the

12  Expert "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

13  CONFIDENTIAL – SOURCE CODE" information, (2) sets forth the full name of the Expert and

14  the city and state of his or her primary residence, (3) attaches a copy of the Expert's current

15  resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from

16  whom the Expert has received compensation or funding for work in his or her areas of expertise

17  or to whom the expert has provided professional services, including in connection with a

18  litigation, at any time during the preceding four years, and (6) identifies (by name and number of

19  the case, filing date, and location of court) any litigation in connection with which the Expert has

20  offered expert testimony, including through a declaration, report, or testimony at a deposition or

21  trial, during the preceding four years.

22        (b) A Party that makes a request and provides the information specified in the

23  preceding respective paragraphs may disclose the subject Protected Material to the identified

24  Designated House Counsel or Expert unless, within 7 days of delivering the request, the Party

25  receives a written objection from the Designating Party.  Any such objection must set forth in

26  detail the grounds on which it is based.

27        (c) A Party that receives a timely written objection must meet and confer with the

28  Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

1   agreement within seven days of the written objection. If no agreement is reached, the Party

2   seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as

3   provided in Local Rule 7-2 seeking permission from the court to do so.

4   　　　In any such proceeding, the Party opposing disclosure to Designated House Counsel or the

5   Expert shall bear the burden of: (a) proving that the risk of harm that the disclosure would entail

6   (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

7   Material to its Designated House Counsel or Expert; and (b) demonstrating that it is otherwise

8   entitled to protection under Fed. R. Civ. P. 26(c).

9   　　　7.6    Cross Production of Defendant Protected Information

10   　　　To the extent that any one of Defendants in this litigation provides Protected Material

11   under the terms of this Protective Order to Plaintiff, there is no requirement that the Defendant

12   provide such Protected Material to any other Defendant.  Nothing in this paragraph, however,

13   limits any Defendant from seeking access, for good cause shown, to any Protected Material that a

14   Defendant provides to Plaintiff.

15   **8.    PROSECUTION BAR**

16   　　　Absent written consent from the Producing Party, from the date of entry of this Protective

17   Order going forward, any individual who receives access to "HIGHLY CONFIDENTIAL –

18   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

19   EYES ONLY" (excluding financial information with such designation, such as revenues, costs,

20   profits, expert damages reports, and the like), or "HIGHLY CONFIDENTIAL – SOURCE

21   CODE" information, shall not be involved, after receipt of the protected information identified

22   herein, in the "prosecution," of the patents asserted in this action, which includes the original

23   prosecution, reissue, and reexamination proceedings, of the patents asserted in this action before

24   any foreign or domestic agency, including the United States Patent and Trademark Office ("the

25   Patent Office").  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL –

26   ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS'

27   EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received

28   by the affected individual and shall end one (1) year after final termination of this action. For

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

purposes of this provision, paying maintenance fees shall not be considered prosecution activities and are specifically excluded from this bar. Notwithstanding anything to the contrary in this paragraph, a person that has seen or reviewed Protected Material as set forth herein is not prevented from reviewing communications from the United States Patent Office regarding reexamination proceedings of patents asserted in this action, or from discussing claim interpretation issues or ways of distinguishing claims in such reexamination from any cited prior art, including with re-examination patent counsel; however, such person may not prosecute any such reexamination and may not reveal the contents of Protected Material to re-examination counsel or agents.

9.      **SOURCE CODE**

(a)     To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.

(c)     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.  The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.

(d)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports,

or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance.  The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE."  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6.

(e)   The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Receiving Party at the end of each day and must not be given to or left with a court reporter or any other individual.

## 10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must (to the extent allowed by law):

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**11.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall (1) promptly notify the Requesting Party in writing that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and (2) make reasonable efforts to produce the Non-Party's confidential information pursuant to the agreement governing such production.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

(c)     If the Non-Party timely seeks a protective order to prevent disclosure of its confidential information, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.     INADVERTENT     PRODUCTION     OF     PRIVILEGED     OR     OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  The inadvertent production of any Discovery Material shall be without prejudice to any claim that such Discovery Material is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity, including without limitation the attorney-client privilege, and no Party or non-party shall be held to have waived any rights by such inadvertent production.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach any further agreements on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Protective Order submitted to the court.

**14.   MISCELLANEOUS**

14.1   <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the court in the future.

14.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   <u>Filing Protected Material</u>. A Party may not file in the public filing in this Action any Protected Material of the Designating Party without seeking leave to file the material under seal; this does not impact exhibits or other materials to be used at hearings or trial.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 10-5(b).  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 10-5(b) is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

**15.   FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

1   legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

2   product, and consultant and expert work product, even if such materials contain Protected

3   Material. Any such archival copies that contain or constitute Protected Material remain subject to

4   this Protective Order as set forth in Section 4 (DURATION).

5        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

6        Dated this 24th day of February, 2012.

7    /s/ Michael T. Cooke_____          /s/ Sarah S. Eskandari_____
     Jonathan T. Suder, Esq.                  Arthur S. Beeman, Esq.
8    Michael T. Cooke, Esq.                   Sarah S. Eskandari, Esq.
     Todd I. Blumenfeld, Esq.                 SNR DENTON
9    FRIEDMAN, SUDER & COOKE                  525 Market Street, 26th Floor
     Tindall Square Warehouse No. 1           San Francisco, CA 94105-2708
10   604 East 4th Street, Suite 200           Telephone: (415)882-0138
     Fort Worth, TX 76102                     Fax: (415) 882-0300
11   Telephone: (817) 334-0400                Email: arthur.beeman@snrdenton.com
     Fax: (817) 334-0401                      Email: sarah.eskandari@snrdenton.com
12   Email: jts@fsclaw.com                    *Attorneys for Defendant Transera*
     Email: mtc@fsclaw.com                    *Communications, Inc.*
13   Email: blumenfeld@fsclaw.com
     *Attorneys for Plaintiff*
14

      /s/ Joseph Gratz_____         /s/ Gregory L. Lippetz_____
15   Daralyn J. Durie, Esq.                   Gregory L. Lippetz, Esq.
     Genevieve P. Rosloff, Esq.               JONES DAY
16   Joseph Gratz, Esq.                       1755 Embarcadero Road
     DURIE TANGRI LLP                         Palo Alto, CA 94303
17   217 Leidesdorff St                       Telephone: (650) 739-3939
     San Francisco, CA 94111                  Fax: (650) 739-3900
18   Telephone (415) 362-6666                 Email: glippetz@jonesday.com
     Email: ddurie@durietangri.com            *Attorneys for Defendant Five 9, Inc.*
19   Email: grosloff@durietangri.com
     Email: jgratz@durietangri.com
20   *Attorneys for Defendant West Corp.*

21
     . . .
22
     . . .
23
     . . .
24
     . . .
25
     . . .
26
     . . .
27
     . . .
28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

1    _/s/ W. West Allen_                  _/s/ Tamara Beatty Peterson_
    W. West Allen, Esq.                     Kirk B. Lenhard, Esq.

2      Michael J. McCue, Esq.                Tamara Beatty Peterson, Esq.
    LEWIS & ROCA, LLP                  BROWNSTEIN HYATT FARBER

3      3993 Howard Hughes Pkwy., Suite 600     SCHRECK, LLP
    Las Vegas, NV 89109                 100 N. City Parkway, Suite 1600

4      Telephone: (702) 949-8200             Las Vegas, NV 89106
    Fax: (702) 949-8363                 Telephone: (702) 382-2101

5      Email: wallen@lrlaw.com              Facsimile:  (702) 382-8135
    Email: mmccue@lrlaw.com            Email: klenhard@bhfs.com

6  _Attorneys for WSOL, Inc. d/b/a Working_   Email: tpeterson@bhfs.com
_Solutions, Inc._                         _Attorneys for Defendant Teletech Holdings,_

7                                              _Inc._

8

9                                     **IT IS SO ORDERED:**

10

11                                  UNITED STATES MAGISTRATE JUDGE

12                                  DATED: ____February 27, 2012____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

6574\87\1652668.1               23

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 NORTH CITY PARKWAY, SUITE 1600
LAS VEGAS, NV 89106
(702) 382-2101

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on [date] in the case of *Alto Ventures, Inc. v. Convergys Corp., et al.*, 2:11-cv-01056-PMP-CWH.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                        [signature]

6574\87\1652668.1

24